UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
JUN 17 2004
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) NO. 4:04 WI 13 |
| VOSS TRANSPORTATION, INC., | ) 4:04CR00350CDP |
| Defendant. | ) |

## PLEA AGREEMENT, GUIDELINES RECOMMENDATIONS AND STIPULATIONS

Come now the parties pursuant to Section 6B1.4, Sentencing Guidelines and Policy Statements (October 1987) and the Administrative Order of this Court (January 2, 1991) and hereby stipulate and agree that the following are the parties' agreements, recommendations and stipulations:

1. **THE PARTIES:**

The parties to the agreements, recommendations and stipulations contained herein are the defendant VOSS TRANSPORTATION, INC., defense counsel RONALD E. JENKINS, and the Office of the United States Attorney for the Eastern District of Missouri (hereinafter "the government"). This document and the agreements, recommendations and stipulations contained herein do not, and are not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. It is understood by the parties that the Court is neither a party to nor bound by these agreements, stipulations and recommendations.

The attached resolution of the Board of Directors of VOSS TRANSPORTATION, INC., (hereinafter "Voss") which bears a notary seal, authorizes Ronald E. Jenkins to act for Voss in

the negotiation of the plea between the government and Voss, the making of the plea by Voss, and the sentencing of Voss. The attached resolution of the Board of Directors of Voss certifies that all corporate formalities required for the authorization set forth in the resolution, including approval by Voss' directors, have been observed.

2. **THE PLEA AGREEMENT**:

   A. **The Plea:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Counts One, Two, and Three, the government agrees that no further federal prosecution will be brought in this District relative to the defendant's participation in violations of Department of Transportation, Environmental laws and activities relative to the recovery under the Underground Insurance Tank Fund relative to the March 2001 fuel oil spill, which the government is aware at this time, from April, 2000 to the date of this agreement. The government further agrees that no further charges will be brought against any other Voss entity, their officers or employees other than those already charged for activities of which the government is aware at this time from April 2000 to the date of this agreement.

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant fully understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

   B. **Waiver of Post-Conviction Rights:**

      (1) **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights to appeal and fully understands the right to appeal the sentence under Title 18,

2

United States Code, Section 3742. However, in the event the Court accepts the plea, as part of this agreement, both the defendant and the government hereby waive all rights to appeal all non-jurisdictional issues, including but not limited to: any issues relating to pre-trial motions, hearings and discovery; any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea, and whatever sentence is imposed; any issues relating to the establishment of the Total Offense Level or Criminal History Category determined by the Court, except that the parties reserve the right to appeal from any Chapter 5 upward or downward departure from the Guidelines range if such departure is not agreed to in this document. The parties understand that the District Court is neither a party to, nor bound by the Guidelines recommendations agreed to in this document. The Guidelines range will be determined by the District Court and shall not be subject to appeal.

(2) *Habeas Corpus*: The defendant acknowledges being guilty of the crime(s) to which a plea is being entered, and further states that neither defense counsel nor the government has made representations which are not included in this document as to the sentence to be imposed. The defendant further agrees to waive all rights to contest the conviction or sentence in any post conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

C. **Financial Disclosure:**

The defendant agrees to complete and sign financial forms as required by the United States Probation Office prior to sentencing, including a Net Worth Statement (Probation Form 48); or a Net Worth Short Form Statement (Probation Form 48 EZ); a Cash Flow Statement (Probation Form 48B); a Declaration of Defendant or Offender Net Worth and Cash Flow

3

Statements (Probation Form 48D); and a Customer Consent and Authorization for Access to Financial Records (Probation Form 48E). The defendant agrees to provide complete, truthful and accurate information on these Forms and consents to the release of these Forms and any supporting documentation to the United States Attorney's Office for the Eastern District of Missouri. The defendant also agrees to complete and sign financial forms, including a Customer Consent Authorization for Access to Financial Records During Supervision (Probation Form 48I), as required by the United States Probation Office during the defendant's term of supervised release or probation. The defendant agrees to provide complete, truthful and accurate information on these forms and consents to the release of these forms and any supporting documentation to the United States Attorney's Office for the Eastern District of Missouri.

D. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**

The defendant has discussed with defense counsel and understands that nothing contained in this document is meant to limit the rights and authority of the United States of America to take any civil, tax or administrative action against the defendant including, but not limited to, asset forfeiture, deportation and any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with government agencies. Further, any recommendation in this document as to the amount of loss or restitution is not binding upon the parties in any civil or administrative action by the government against the defendant.

3. **GUIDELINES RECOMMENDATIONS (NOT BINDING ON THE COURT):**

A. **Manual to be Used:** The parties recommend that the 2003 version of the Guidelines Manual applies.

4

B. **Offense Conduct:**

**COUNT ONE:**

(1) **Base Offense Level:** The parties recommend that the base offense level for Count One is 6 as found in Section 2B1.1

**COUNT TWO:**

The parties recommend that the base offense level is 6 as found in Section 2B1.1.

**COUNT THREE:**

The parties agree that according to Section 8C2.2 (and the commentary to the section) the provision of Section 8C2.2 through 8C2.9 of the Sentencing Guidelines do not apply to Count Three because the offense outlined in Count Three is an environmental offense.

(2) **Chapter 2 Specific Offense Characteristics:** The parties recommend that the following Specific Offense Characteristics apply: (a) Two (2) levels should be added to Count Two pursuant to Section 2B1.1(b) as the loss amount exceeded $5,000.00.

C. **Chapter 3 Adjustments:** The parties recommend that the following adjustments apply: None.

D. **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Section 3E1.1(a), because the defendant has clearly demonstrated acceptance of responsibility.

The parties agree that if the defendant does not abide by all of the agreements made within this document, the defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Section 3E1.1. The parties further agree that the defendant's eligibility for a reduction pursuant to Section 3E1.1 is based upon the information known at the present

5

time and that any actions of the defendant which occur or which become known to the government subsequent to this agreement and are inconsistent with the defendant's acceptance of responsibility, including but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

E. **Estimated Total Offense Level:** Based on these recommendation, the parties estimate that the Total Offense Level for Count One is 4 and for Count Two is 6 with a total offense level of 6.

F. **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court after it reviews the Presentence Report. The Criminal History Category determination will be made only after the United States Probation Office obtains and evaluates the records it can find of the defendant's criminal history. Prior convictions can affect the sentence and usually result in a harsher sentence. Both parties retain their right to challenge the finding of the Presentence Report as to the defendant's criminal history and the applicable category; however, all decisions as to the appropriate Criminal History Category by the Court are final and not subject to appeal.

Both parties are aware that the results of a preliminary criminal record check are available for review in the Pretrial Services Report.

G. **Acknowledgment of Effect of Recommendations:** These recommendations have been made pursuant to Rule 11(c)(1)(B), Federal Rules of Criminal Procedure. The parties have addressed United States Sentencing Guidelines applications to this case and have agreed to these recommendations. The parties agree that these recommendations fairly and accurately set forth

the Guidelines levels and calculations which the parties believe the Court should use in determining the defendant's sentence.

The parties acknowledge that the Guidelines application recommendations set forth herein are the result of negotiations between the parties as to the Guidelines applications they address; that these negotiated recommendations led to the guilty plea in this case; and that each party has a right to rely upon and hold the other party to the recommendations at the time of sentencing. The parties further agree that neither party shall request a departure pursuant to any chapter of the Guidelines unless that departure or facts which support that departure are addressed in this document or the request is made with the consent of both parties.

The parties recognize that they may not have addressed or foreseen all the Guideline provisions applicable in this case. Guidelines applications not expressly addressed by the parties' recommendations, but which are addressed by the Presentence Report or the Court, may be presented to the Court for consideration. The parties agree and understand that the Court, in its discretion, may apply any Guidelines not addressed in this document.

Furthermore, this Court is not bound by these recommendations. The refusal of this Court to follow the recommendations of the parties shall not serve as a basis to withdraw the plea. The parties acknowledge that the Court's decision as to the appropriate Guidelines levels and calculations will govern at sentencing and could vary upward or downward from the parties' recommendations stated in this document and that the Court's decision is not subject to appeal.

## 4. STIPULATION OF FACTS RELEVANT TO SENTENCING:

The parties stipulate and agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt:

**COUNT ONE:**

From in or about April 2000 through in or about June 2001, defendant dispatchers dispatched Voss Transportation drivers to deliver fuel, causing the drivers to drive in violation of federal safety regulations by exceeding the number of driving hours permitted by federal regulation. David Voss, dispatcher and truck drivers, conspired to conceal from regulators excessive driving hours and illegal trips. In furtherance of the conspiracy, Voss drivers "dropped" loads from their log books.

Beginning in September 2000 after regulators, in August 2000, discovered driver violations by reviewing pay sheets and bills of lading, David Voss, dispatchers and truck drivers conspired to hide illegal loads by creating an "X" load system to designate illegal loads and said loads were paid for on bonus pay sheets.

**COUNT TWO:**

Section 211(k) of the Clean Air Act and the regulations promulgated thereunder (40 C.F.R. Part 80, Subpart D) prohibited the sale of conventional gasoline in a reformulated gasoline area and required product transfer documentation to be provided to the transferee to identify the gasoline as reformulated or conventional. In or about June, 2000, and in or about February, 2002, defendant David Voss was the owner and operator of Voss Truck Port in Cuba, Missouri and Voss Transportation, Inc. In June, 2000, state regulators discovered Voss Transportation, Inc. drivers delivering conventional gasoline to a station owned by David Voss in Union, Missouri, a reformulated gasoline area. The regulators discovered the illegal transfer by requesting copies of bills of lading showing the type of gasoline from the truck drivers when the entered the station.

Following, the June, 2000, inspection, David Voss directed and conspired with dispatchers and drivers to conceal the transfer of conventional gasoline at two Voss stations in Union, Missouri and Pacific, Missouri, both in reformulated gasoline areas. It was part of said conspiracy that defendant David Voss directed dispatchers to instruct drivers not to leave bills of lading which would show that conventional gasoline was being delivered to stations that required reformulated.

**COUNT THREE:**

Title 33, United States code, Sections 1311(a) and 1342 of the Clean Water Act (CWA) prohibit the direct discharge of pollutants from any point source to any surface waters of the United States, except in compliance with a permit. On or about March 5, 2001, in the Eastern District of Missouri, approximately 10,000 gallons of diesel fuel was negligently discharged at the Voss Truck Port facility in Cuba, Missouri from underground storage tanks and from trucks owned and driven by Voss Transportation, Inc. into Pleasant Valley Creek, a tributary of the Meramec River, without a National Pollution Discharge Elimination System permit as required by the Clean Water Act.

The defendant and the Government agree that the facts set forth above are true and may be considered as "relevant conduct" pursuant to Section 1B1.3.

5. **ELEMENTS OF THE OFFENSE:**

As to **Count One**, the defendant admits to knowingly violating Title 18, United States Code, Sections 371 and 1001(a)(1) and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

9

**One,** on or before April, 2000 through in or about June 2001, within the Eastern District of Missouri and elsewhere; defendant officers and employees reached an agreement to defraud the United States by impeding, impairing and obstructing the lawful governmental functions of the Department of Transportation, an agency of the United States, in the enforcement of driver hours of service regulations by knowingly concealing driver logs and payroll using schemes intending to deceive others of facts material to the Department of Transportation;

**Two,** the defendant officers and employees voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect;

**Three,** at the time the defendant officers and employees joined in the agreement or understanding, they knew the purpose of the agreement and understanding; and

**Four,** while the agreement of understanding was in effect, a person or persons who joined in the agreement knowingly did or more of the following acts:

    a.    On or about May 8, 2000, a dispatcher did dispatch Kent Helgeland on trips causing Kent Helgeland to exceed the maximum allowable number of hours permitted by law.

    b.    On or about May 8, 2000, defendant employees caused Helgeland to "drop" trips driven off his record of duty status by indicating that he was off duty when in fact he had been dispatched on later loads and payroll records reflected that he was paid for the loads.

    c.    On or about February 3, 2001, a dispatcher did dispatch Jerry Smith on trips causing Jerry Smith to exceed the maximum allowable number of hours permitted by law.

d. On or about February 3, 2001, Defendant employees caused driver Smith to write an "X" on delivery ticket 0210894 to designate that the trip was in excess of legal hours and to be placed on bonus pay to conceal the illegal trip.

e. On or about May 27, 2001, a dispatcher did dispatch Travis Edge on trips causing driver Edge to exceed the maximum allowable number of hours permitted by law.

f. On or about May 27, 2001, defendant employees caused driver Edge to write an "X" on his odometer reading and load sheet for load 0514329 to designate that the trip was in excess of legal hours and to be placed on bonus pay to conceal the illegal trip.

In violation of Title 18, United States Code, Section 371 and Title 18, United States Code, Section 1001(a)(1).

As to **Count Two**, the defendant admits to knowingly violating Title 18, United States Code, sections 371 and 1001(a)(1) and Title 42, United States Code, Section 7413(c)(2) and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

**One,** on or about June, 2000, and in or about February, 2002, within the Eastern District of Missouri and elsewhere, owners, employees of Voss Transportation, Inc and others reached an agreement to defraud the United States by impeding, impairing and obstructing the lawful governmental functions of the Environmental Protection Agency, an agency of the United States, in the enforcement of Clean Air Act regulations by knowingly concealing product transfer documents (bills of lading) showing that conventional gasoline was being delivered to stations that required reformulated and by knowingly concealing or failing to file or maintain a document required pursuant to the Clean Air Act;

11

**Two,** the defendant owners, employees and others voluntarily and intentionally joined in the agreement of understanding, either at the time it was first reached or at some later time while it was still in effect;

**Three,** at the time the defendant owners, employees and others joined in the agreement or understanding, he knew the purpose of the agreement of the agreement and understanding; and

**Four,** while the agreement or understanding was in effect, a person or persons who joined in the agreement knowingly did one or more of the following acts:

a.  On or about June 7, 2000 and June 8, 2000 Voss dispatchers dispatched Voss drivers to deliver conventional gasoline to Voss Express Stations in Union, Missouri.

b.  In or about September, 2001, Defendant David Voss instructed a dispatcher to direct drivers not to leave bills of lading showing transfer of conventional gasoline at Voss Express stations 103 and 104.

c.  On or about September 23, 2001, defendant David Voss caused a dispatcher to dispatch a driver to deliver conventional gasoline to Voss Express Station 103 in Pacific, Missouri and to note to the driver on the load sheet, "Do not leave bill of lading at store."

d.  On or about February 15, 2002, defendant David Voss caused a dispatcher to dispatch a driver to deliver conventional gasoline to Voss Express station 103 in Pacific, Missouri and Voss Express Station 104, in Union, Missouri and to note to the driver on the load sheet, "Do not leave a copy of bill of lading at either stop."

  e.  On or about February 18, 2002, defendant David Voss caused a dispatcher to dispatch a driver to deliver conventional gasoline to Voss Express station 103, in Pacific, Missouri and the driver to note on the load sheet, "Didn't give copy of B.O.L. per Rhonda."

In violation of Title 18, United States Code, Section 371, Title 18, United States Code, Section 1001(a)(1) and Title 42, United States Code, Section 7413(c)(2).

As to **Count Three**, the defendant Voss admits to knowingly violating Title 33, United States Code, Section 1311(a) and Title 18, United States Code, Section 2.

 **One,** On or about March 5, 2001, in the Eastern District of Missouri, diesel fuel was negligently discharged;

 **Two,** From point sources, specifically underground storage tanks and tanker truck(s);

 **Three,** Into waters of the United States, Pleasant Valley Creek and tributary of the Meramec River, a navigable water of the United States,

 **Four,** Without a NPDES permit as required by the Clean Water Act.

In violation of Title 33, United States Code Section 1311(a) and Title 18, United States Code, Section, 2, and punishable under 1319 (c)(1)(a).

6. **PENALTIES:**

 **A. Statutory Penalties:** The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is a fine of not more than $500,000.00 for Counts One and Two, and a fine of not more than $200,000.00 for Count Three.

B. **Sentencing Guidelines Effect on Penalties:** The defendant understands that this offense is subject to the provisions and Guidelines of the "Sentencing Reform Act of 1984," Title 18, United States Code, Sections 3661 *et. seq.* and Title 28, United States Code, Section 994.

D. **Mandatory Special Assessment:** The defendant further acknowledges that this offense is subject to the provisions of the Criminal Fines Improvement Act of 1987 and that the Court is required to impose a mandatory special assessment of $400.00 per count for Counts One and Two and $125.00 per count for Count Three, for a total of $925.00 which the defendant agrees to pay at the time of sentencing. The defendant further agrees that if the mandatory special assessment imposed by the Court is not paid at the time of sentencing, until the full amount of the mandatory special assessment is paid, money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay the mandatory special assessment.

7. **FINES, RESTITUTION AND COSTS:**

The defendant understands that the Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration, and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.

A. **Restitution:** The defendant further acknowledges that pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory in this case for all crimes listed in Section 3663A(c) committed after April 24, 1996. The defendant agrees that regardless of the particular counts of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss.

14

Contemporaneous to this plea of guilty, the defendant Voss has entered a consent agreement with the State of Missouri in which it agrees to settle that agency's outstanding civil claims and pay a penalty of $35,000.00. In addition, defendant Voss has agreed to pay restitution in the amount of $39,000.00 to the State of Missouri in settlement for emergency response costs relative to the March 5, 2001 diesel fuel spill.

B. **Effect of Bankruptcy on Fines or Restitution:** The defendant hereby stipulates that any fine or restitution obligation imposed by the Court is not dischargeable in any case commenced by the defendant or the defendant's creditors pursuant to the Bankruptcy Code. The defendant agrees not to attempt to avoid paying any fine or restitution imposed by the Court through any proceeding pursuant to the United States Bankruptcy Code, and stipulates that enforcement of any fine or restitution obligation by the United States or a victim is not barred or affected by the automatic stay provisions of the United States Bankruptcy Code (Title 11, United States Code, Section 362).

8. **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

The defendant acknowledges and fully understands the following rights: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pre-trial motions, including motions to suppress evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the entire case against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination, the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence; and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea,

the defendant expressly waives all the rights set forth in this paragraph. The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that as a result of the guilty plea no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

## 9. PRESENTENCE REPORT AND SENTENCING:

Following defendant's guilty plea, a Presentence Report will be prepared. At the time of sentencing, the parties reserve the right to allocution regarding the appropriate sentence to be imposed. Each party also reserves the right to bring any misstatements of fact made either by the other party or on that party's behalf to the attention of the Court at the time of sentencing.

## 10. STANDARD OF INTERPRETATION:

In interpreting this document, any drafting errors or ambiguities shall not automatically be construed against any party, whether or not the party was involved in drafting this document.

11. **VOLUNTARY NATURE OF THE PLEA AND THE PLEA AGREEMENT, RECOMMENDATIONS AND STIPULATIONS:**

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case, or the stipulations, agreements or recommendations contained herein. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges that the defendant has voluntarily entered both this plea and into these agreements, recommendations and stipulations voluntarily. The defendant further acknowledges that this guilty plea is made voluntarily and of the defendant's own free will because the defendant is, in fact, guilty of the conduct specified in sections four and five above. The defendant's waivers and stipulations or agreements set forth above are made in exchange for the United States' concessions set forth in this plea agreement.

12. **CONSEQUENCES OF FURTHER CRIMINAL CONDUCT OR WITHDRAWAL OF PLEA BY DEFENDANT:**

The defendant is aware that if the defendant engages in any criminal activity between the time of signing this document and the sentencing or should the defendant withdraw from this plea agreement, the government shall be released from any obligation or limits on its power to prosecute the defendant created by this document; all testimony and other information the defendant has provided at any time to attorneys, employees or law enforcement officers of the

government, to the court including at the guilty plea, or to the federal grand jury, may and will be used against the defendant in any prosecution or proceeding. Further, by this plea, the defendant waives the protection of Rule 11(f), Federal Rules of Criminal Procedure and Rule 410, Federal Rules of Evidence should the defendant engage in any criminal activity between the time the defendant signs this document and the time of sentencing or should the defendant withdraw from this plea agreement, any such conduct shall be grounds for the loss of acceptance of responsibility pursuant to Section 3E1.1.

6/17/2004
Date

ANNE E. RAUCH, #33073
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

6/17/04
6/17/2004
Date

VOSS TRANSPORTATION, INC.
Defendant Corporation

6/17/2004
Date

RONALD E. JENKINS, #7127
Attorney for Defendant Corporation
10 South Brentwood Avenue, Ste. 200
Clayton, MO 63105